STATE OF CONNECTICUT
SUPERIOR COURT

| | | |
|---|---|---|
| **RETURN DATE: OCTOBER 19, 2021** | : | **SUPERIOR COURT** |
| | : | |
| | : | **JUDICIAL DISTRICT OF** |
| **BRIDGET BURKE** | : | |
| for herself and other | : | **ANSONIA - MILFORD** |
| similarly situated employees | : | |
| Plaintiff, | : | **AT MILFORD** |
| | : | |
| v. | : | |
| | : | |
| **URBAN OUTFITTERS, INC.** | : | |
| Defendant. | : | **SEPTEMBER 17, 2021** |

## CLASS ACTION COMPLAINT

1. Prior to September 24, 2020, restaurants in Connecticut were required to pay their service employees the full minimum wage unless they (a) record the amount claimed as credit as a separate item in the wage record on a weekly basis and (b) obtain signed weekly tip statements confirming that they have received sufficient tips to cover the tip credit, and (c) limit their work to service and closely related duties. If they followed these rules, then they were permitted to take a partial credit on account of tips received by service employees towards satisfaction of the minimum wage. This partial credit is known as the "tip credit."

2. If restaurants failed to obey any one of these rules, then they were not entitled to take the tip credit and instead were required to pay the full minimum wage to their servers for their entire shifts. A restaurant to takes the tip credit in violation of our laws is liable to its servers for back pay, interest, penalty damages, and attorneys' fees and costs. *Stevens v. Vito's by the Water, LLC,* 2017 Conn. Super. LEXIS 4845, *13 (Conn. Super. Ct. Nov. 9, 2017) (Bench trial resulting in award to server in the amount of $22,455.94 in back wages, interest and penalty

-1-

damages, plus attorneys' fees and costs. "Vito's did not segregate Steven's non-service work from her service work and thus was obliged to, but did not, pay the service hours at the full minimum fair wage as required by Sec. 31-62-E4."); *Martin v. United Capital Corp.*, 2019 Conn. Super. LEXIS 3452 (Conn. Super., Dec. 27, 2019) at *13 ("Clearly the pertinent regulation [Sec. 31-62-E4] provides that an employer may not take the tip credit—even for service hours—if it fails to segregate service work from non-service work and record as much.").

3. In this case, Defendant regularly assigned non-service work – "sidework" - to their Connecticut service employees, including Bridget Burke, but did not segregate that time and pay it at the full minimum wage.

4. Defendant also failed to record the amount claimed as credit and failed to obtain signed weekly tip statements as required for their Connecticut service employees, including the Plaintiff.

5. Accordingly, Defendant should have paid Plaintiff and all Connecticut service employees the full minimum wage for all of their service hours. Instead, Defendant paid their Connecticut service employees the subminimum wage ($6.38 per hour for servers, $8.23 per hour for bartenders) for all their time in violation of this law. By this illegal practice, Defendant underpaid Plaintiff and the class of Connecticut service employees by hundreds of thousands of dollars during the period of the claim.

6. Accordingly, Defendant is liable to Plaintiff and the class of service employees for all of their back pay, interest, penalty damages, attorneys' fees and costs.

## I. The Parties

7. Plaintiff, Bridget Burke, is an individual residing in Milford, Connecticut. Burke worked for Defendant as a server at "Terrain," Defendant's Westport, Connecticut restaurant, from approximately March of 2018 to approximately October 17, 2020.

8. Defendant Urban Outfitters is a limited liability company based in Pennsylvania, and registered in the State of Connecticut. It owns and operates a restaurant called "Terrain" in Westport, Connecticut.

## II. Legal Claims

9. Conn. Gen. Stat. Sec. 31-60(b) permits the Labor Commissioner to adopt regulations which "shall recognize, as part of the minimum fair wage, gratuities in an amount … equal to thirty-six and eight-tenths percent of the minimum fair wage for persons, other than bartenders, who are employed in the hotel and restaurant industry, including a hotel restaurant, who customarily and regularly receive gratuities."

10. Prior to September 23, 2020, Regs., Conn. State Agencies Sec. 31-62-E3(b) stated that "[t]he amount received in gratuities claimed as credit for part of the minimum fair wage must be recorded on a weekly basis as a separate item in the wage record even though payment is made more frequently, …"

11. Prior to September 23, 2020, Regs., Conn. State Agencies Sec.31-62-E3(c) stated that "[e]ach employer claiming credit for gratuities as part of the minimum fair wage paid to any employee shall obtain weekly a statement signed by the employee attesting that he has received in gratuities the amount claimed as a credit for part of the minimum fair wage. Such statement shall contain the week ending date of the payroll week for which credit is claimed."

12. Prior to September 23, 2020, Regs., Conn. State Agencies Sec.31-62-E3(c) stated that "[i]f an employee performs both service and non-service duties and the time spent on each cannot be definitely segregated and so recorded, or is not definitely segregated and so recorded, no allowances for gratuities may be applied as part of the minimum fair wage."

### III. Facts

13. Defendant employed Plaintiff as a service employee (server) in their Westport, Connecticut restaurant.

14. Defendant routinely assigned Plaintiff and other service employees both "service duties" and "non-service" duties. Their service duties included waiting on customers at tables and booths. Their non-service duties included setting up before waiting on customers, and "side work" that they were required to do for at least an hour before serving their first customers, throughout the course of the shift, and after their last customers had left.

15. This side-work took place away from the tables, booths and bars, and / or at times when the servers were not serving patrons, and it included general cleaning and stocking duties such as stocking all paper cups and straws, condiments, to-go items, restocking and polishing all silverware, cleaning coffee machines, sweeping the server alley, general cleanup, and other similar activities.

16. Defendant did not segregate the time that Plaintiff and other service employees performed "non-service" and "service" duties in their time records.

17. Defendant did not segregate the time that Plaintiff and other service employees performed "non-service" and "service" duties in their wage records.

18. Defendant did not pay Plaintiff and other service employees the full minimum wage for the time they spent performing non-service duties, but instead paid the subminimum wage.

19. Defendant failed to segregate Plaintiff's side-work and pay it at the full minimum wage for those periods. Accordingly, Defendant should have paid Plaintiff and other service employees $10.10 (or $11.00 after October 1, 2019) respectively for all their hours.

20. Defendant did not record the amount claimed as credit on a weekly basis as a separate item in the wage record.

21. Defendant did not obtain weekly a statement signed by Plaintiff or other service employees attesting that they have received in gratuities the amount claimed as credit for part of the minimum fair wage, containing the week ending date for the payroll week for which credit is claimed.

22. Defendant took the tip credit for all the hours that Plaintiff and other service employees worked.

23. Defendant paid Plaintiff and other service employees the sub-minimum wage for every hour they worked as servers.

24. Defendant took the tip credit for all the hours Plaintiff and other service employees spent performing service work and the hours they spent performing non-service work.

25. Defendant's conduct in failing to pay Plaintiff and other service employees the full fair minimum wage for each shift in which they performed both "service" and "non-service" duties, was a violation of Connecticut's "tip credit" laws. Regs., Conn. State Agencies Sec. 31-62-E3 and 31-62-E4, and Conn. Gen. Stat. Sec. 31-60, *et seq*.

26. Defendant's violation of Connecticut's tip credit law, as set forth above, entitles Plaintiff and other service employees to payment for all hours worked as a "server" at "twice the full amount of such minimum wage less any amount actually paid to … [them] by the employer,

with costs and such reasonable attorney's fees as may be allowed by the court." Conn. Gen. Stat. Sec. 31-68.

## IV. CLASS ALLEGATIONS

27. Plaintiff brings this action for herself and on behalf of a class of similarly situated service employees defined as:

> All current and former service employees (servers) at Defendant's Westport, Connecticut restaurant "Terrain" from July 17, 2018[1] until September 23, 2020.

28. Class certification for the claims is appropriate under Connecticut Practice Book Sections 9-7 and 9-8 because all of the requirements of those rules are met:

- 9-7(1). The class is so numerous that joinder of all members is impractical. The Defendant has had on information and belief more than fifty former and/or current employees and/or participants meeting the class definitions set forth above. While the exact number and identities of class members are unknown at this time, and can only be ascertained through appropriate discovery, the named Plaintiff is informed and believes that fifty putative class members, and very likely more, worked for the Defendant without receiving appropriate pay under Connecticut law.

- 9-7(2). There are questions of law and fact common to the class, especially, the questions of whether Defendant assigned non-service work to their service employees and failed to pay them the full minimum wage as required by Connecticut law and whether it failed to record the amount claimed as credit in the wage record and failed to obtain weekly signed tip statements.

- 9-7(3). The named Plaintiff's claims are typical of those of the class members. The named Plaintiff's claims encompass the challenged practices and course of conduct of the Defendant. Furthermore, the named Plaintiff's legal claims are based on the same legal theories as the claims of the putative class members. The legal issues as to whether the CMWA and the applicable regulations of the State

---

[1] The statute of limitations for CMWA claims is 2 years (730 days). Conn. Gen. Stat. Sec. 31-68(b). On March 19, 2020, Governor Ned Lamont issued Executive Orders No. 7G, in which he suspended all Connecticut statutes of limitations in civil actions. He extended the suspension of statutory deadlines from March 19, 2020 to May 20, 2021, pursuant to Executive Orders 10A, 11, 11E, and 12B (427 days). The period of this claim is therefore tolled back an additional 427 days, and extends back 1157 days in total (730 + 427 days) to July 18, 2018. The period of the claim ends on September 23, 2020, per P.A. 19-1 (Effective September 24, 2020).

        of Connecticut Department of Labor are violated by such conduct apply equally to the named Plaintiff and to the class.

9-7(4). The named Plaintiff will fairly and adequately protect the interests of the class. The named Plaintiff's claims are not antagonistic to those of the putative class and she have hired counsel skilled in the prosecution of class actions.

9-8. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. While the individual compensatory damage suffered by each class member is not insignificant, it is not substantial enough to justify the expense and burden of individual litigation. To conduct this action as a class action under Practice Book Sections 9-7 and 9-8 presents few management difficulties, conserves the resources of the parties and the court system, protects the rights of each class member, and maximizes recovery to them.

29. In addition, as to class of individuals who suffered from Defendant's violations of section 31-62-E3 and E4 of the regulations of Connecticut state agencies, the Defendant is "liable to all individual proposed class members because all such members (A) performed nonservice duties while employed by the defendant, for more than a de minimis amount of time, that were not incidental to service duties, and (B) were not properly compensated by the defendant for some portion of their nonservice duties in accordance with section 31-62-E4 of the regulations of Connecticut state agencies." C.G.S. Sec. 31-68(a)(3).

**COUNT ONE:** *Violation of Connecticut Minimum Wage Act, Conn. Gen. Stat. Sec. 31-58 et seq.: failure to record the "amount claimed as credit" in the wage record and in accordance with Regs., Conn. State Agencies Sec. 31-62-E3(b)*

1. Paragraphs 1-29 are hereby incorporated as if fully set forth herein.

30. Defendant's conduct in failing record the amount claimed as credit in the wage record for Plaintiff and other Connecticut service employees confirming they received sufficient tips to satisfy the tip credit Defendant took each week violates Regs., Conn. State Agencies Sec. 31-62-E3(b) and the CMWA.

31. Defendant's violation of Regs., Conn. State Agencies Sec. 31-62-E3(b) and the CMWA, as set forth above, entitles Plaintiff and all other Connecticut service employees in the class, to payment for all hours worked at "twice the full amount of such minimum wage less any amount actually paid to [them] by the employer, with costs and such reasonable attorneys' fees as may be allowed by the court." Conn. Gen. Stat. Sec. 31-68.

**COUNT TWO:** *Violation of Connecticut Minimum Wage Act, Conn. Gen. Stat. Sec. 31-58 et seq.: failure to obtain weekly signed tip statements in accordance with Regs., Conn. State Agencies Sec. 31-62-E3(c)*

1. Paragraphs 1-29 are hereby incorporated as if fully set forth herein.

30. Defendant's conduct in failing to obtain tip statements on a weekly basis from Plaintiff and other Connecticut service employees confirming they received sufficient tips to satisfy the tip credit Defendant took each week violates Regs., Conn. State Agencies Sec. 31-62-E3(c) and the CMWA.

31. Defendant's violation of Regs., Conn. State Agencies Sec. 31-62-E3(c) and the CMWA, as set forth above, entitles Plaintiff and all other Connecticut service employees in the class, to payment for all hours worked at "twice the full amount of such minimum wage less any amount actually paid to [them] by the employer, with costs and such reasonable attorneys' fees as may be allowed by the court." Conn. Gen. Stat. Sec. 31-68.

**COUNT THREE:** *Violation of Connecticut Minimum Wage Act, Conn. Gen. Stat. Sec. 31-58 et. seq.: Failure to "segregate" "service" and "non-service" duties in accordance with Regs., Conn. State Agencies Sec. 31-62-E4*

1. Paragraphs 1-29 are hereby incorporated as if fully set forth herein.

30. Defendant assigned non-service duties to each member of the class during every shift during the period of the claim in an amount that is not *de minimis*, i.e., at least 15 minutes per

shift, and did not segregate the time spent performing that work and did not pay for that time at the full minimum wage.

31. Defendant's conduct in failing to pay Plaintiff and other Connecticut service employees the full fair minimum wage for each shift in which they performed both "service" and "non-service" duties, was a violation of Regs., Conn. State Agencies Sec. 31-62-E4 and the CMWA.

32. Defendant's violation of Regs., Conn. State Agencies Sec. 31-62-E4 and the CMWA, as set forth above, entitles Plaintiff and all other Connecticut service employees in the class, to payment for all hours worked at "twice the full amount of such minimum wage less any amount actually paid to [them] by the employer, with costs and such reasonable attorneys' fees as may be allowed by the court." Conn. Gen. Stat. Sec. 31-68.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff claims:

1. Certification of this action as a class action pursuant to Connecticut Practice Book Section 9-7 and 9-8;

2. Designation of Plaintiff as class representatives and Plaintiff's counsel as class counsel;

3. Damages in the amount of unpaid wages and liquidated damages calculated at "twice the full amount of such minimum wage less any amount actually paid […] by the employer." C.G.S. Sec. 31-68.

4. Interest pursuant to C.G.S. Sec. 37-3a;

5. Reasonable attorney's fees and costs as may be allowed by the court. C.G.S. Sec. 31-68;

6. Such other relief as in law or equity may pertain.

PLAINTIFF, BRIDGET BURKE, for herself and other similarly situated employees

By: _____
Michael T. Petela,
Hayber, McKenna & Dinsmore, LLC
900 Chapel Street, 11th Floor
New Haven, CT 06510
Juris No. 426871
Tel: (203) 691-6491
Fax: (860) 218-9555
mpetela@hayberlawfirm.com
Attorney for Plaintiff

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

| | | |
|---|---|---|
| **RETURN DATE: OCTOBER 19, 2021** | : | **SUPERIOR COURT** |
| | : | |
| | : | **JUDICIAL DISTRICT OF** |
| **BRIDGET BURKE** | : | |
| **for herself and other** | : | **ANSONIA - MILFORD** |
| **similarly situated employees** | : | |
| **Plaintiff,** | : | **AT MILFORD** |
| | : | |
| **v.** | : | |
| | : | |
| **URBAN OUTFITTERS, INC.** | : | |
| **Defendant.** | : | **SEPTEMBER 17, 2021** |

**STATEMENT OF AMOUNT IN DEMAND**

WHEREFORE, the Plaintiff claims a cause of action seeking damages of not less than $15,000, exclusive of interest and costs, which cause is within the jurisdiction of the Superior Court.

                                          PLAINTIFF, BRIDGET BURKE, for herself and
                                          other similarly situated employees

By: _____
       Michael T. Petela,
       Hayber, McKenna & Dinsmore, LLC
       900 Chapel Street, 11th Floor
       New Haven, CT 06510
       Juris No. 426871
       Tel: (203) 691-6491
       Fax: (860) 218-9555
       mpetela@hayberlawfirm.com
       Attorney for Plaintiff